FILED ENTERED
LOGGED RECEIVED

APR 2 7 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEROME MAURICE GORDON,

    Petitioner

v.

UNITED STATES OF AMERICA,

    Respondent

Civil No. PJM 09-683
Criminal No. PJM 00-253

## MEMORANDUM OPINION

Gerome Gordon, *pro se*, has filed a Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255 [Paper No. 325]. Having considered the Motion and the Government's Opposition, the Motion is **DENIED**.

### I.

Gordon, along with four others, was charged in a Superseding Indictment with conspiracy to distribute and possession with the intent to distribute 1000 or more kilograms of marijuana, in violation of 21 U.S.C. § 846. On July 31, 2002, two weeks prior to his scheduled trial, he pled guilty to a Second Superseding Indictment without, however, entering into a written plea agreement. During the Rule 11 plea colloquy with the Court, Gordon admitted to coordinating "the transportation of over a thousand kilograms of marijuana from California to various points along the east coast, including Maryland." The Court found that the plea was knowing and voluntary and that the admitted facts were sufficient to prove Gordon guilty as charged.

At the close of a two-day sentencing hearing, the Court sentenced Gordon to 188 months imprisonment, followed by a five-year term of supervised release. In making this determination, the Court relied on Gordon's factual admissions at the plea colloquy that, along with his

1

codefendants, he had coordinated the transportation of 1000 kilograms of marijuana from California to Maryland. Alternatively, the Court concluded by a preponderance of evidence that extensive evidence of marijuana trafficking produced at the sentencing hearing confirmed that Gordon was accountable for 1000 kilograms of marijuana.

Over Gordon's objections, the Court also applied a two-level enhancement for possession of a firearm, a further two-level enhancement for being an organizer, manager, or leader of a criminal activity, and a further two-level enhancement for obstruction of justice.

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed Gordon's conviction but remanded for resentencing. *United States v. Gordon*, 174 F. App'x. 744 (4th Cir. 2006). The court held that at no time had Gordon admitted that he possessed a firearm, was an organizer, manager, or leader of a criminal activity, or that he obstructed justice. Therefore, the Court's six-level enhancement based on these factors, which resulted in a sentence outside of the then-mandatory Sentencing Guidelines, was deemed to have violated Gordon's Sixth Amendment rights. *Id.* at 748.

On remand, the Court resentenced Gordon to 188 months imprisonment pursuant to 18 U.S.C. § 3553(a) and in light of *United States v. Booker*, 543 U.S. 220 (2005), which held the Sentencing Guidelines to be advisory rather than mandatory. The Court agreed with both defense counsel and the prosecutor that Gordon's Sixth Amendment concerns (i.e. that the Court had imposed a sentence above the maximum allowable under the Sentencing Guidelines) were no longer at issue because those concerns arose under the Guidelines when they were mandatory.

Gordon again appealed to the Fourth Circuit, arguing in a *pro se* supplemental brief that "the determination of his Guidelines range violated his constitutional rights, that the district court erred in failing to properly consider and weigh the [18 U.S.C. § 3553(a)] factors, and that the

sentence imposed violate[d] [the Fourth Circuit's] directions on remand and [was] not reasonable." *United States v. Gordon*, 242 F. App'x 950 (4th Cir. 2007). This time, however, the Fourth Circuit disagreed and held that this Court had properly calculated the Sentencing Guidelines range, had explicitly treated the Guidelines as advisory as permitted under *Booker*, and had sentenced Gordon appropriately after considering the Guidelines range, the 18 U.S.C. § 3553(a) factors, and defense counsel's arguments. *Id.* at 950-51. The Fourth Circuit upheld this Court's re-imposed sentence as reasonable. *Id.* at 951.[1]

Gordon's petition for certiorari to the United States Supreme Court was denied. *See Gordon v. United States*, 128 S.Ct. 1757 (2008). This post-conviction challenge followed.

## II.

In his present challenge, Gordon argues that the Court's application during resentencing of the advisory sentencing scheme under *Booker* violated the Constitution's prohibition against the creation and application of *ex post facto* laws. The Court finds no merit in this argument. The Fourth Circuit has consistently rejected *ex post facto* challenges to the retroactive application of *Booker*, a proposition which would hold true whether put forth as a reason to reduce a mandatory pre-*Booker* sentence or whether put forth to uphold a mandatory pre-*Booker* sentence that, after reversal on appeal, has been sent back to the trial court for re-sentencing. *See United States v. Davenport*, 445 F.3d 366, 369 (4th Cir. 2006) (rejecting the *ex post facto* argument and citing to several sister circuits to support the assertion that "challenges to the retroactive application of *Booker* have been universally rejected by the federal courts"), *overruled in part on other grounds by Irizarry v. United States*, 128 S. Ct. 2198 (2008); *see also United States v. Burr*, 294 F. App'x 800 (4th Cir. Oct. 2, 2008) (per curiam) (unpub.) (rejecting

---

[1] Additionally, the Fourth Circuit "reviewed the arguments advanced in [Gordon's] *pro se* brief" and held that they were "without merit." *United States v. Gordon*, 242 F. App'x 950, 951 (4th Cir. 2007).

3

*ex post facto* argument when raised on direct appeal); *United States v. Benjamin*, 223 F. App'x 296 (4th Cir. Apr. 11, 2007) (per curiam) (unpub) (same); *United States v. Davis*, 191 F. App'x 219 (4th Cir. July 26, 2006) (per curiam) (unpub) (same). Accordingly, this Court did not err in handling Gordon's resentencing under *Booker's* advisory scheme.

Gordon alleges ineffective assistance of counsel in violation of his Sixth Amendment rights because counsel failed to object at resentencing to the Court's retroactive application of *Booker*, but that claim necessarily falls with the finding that the Court proceeded in appropriate fashion.

A claim of ineffective assistance of counsel in violation of one's Sixth Amendment rights is examined by the familiar test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland's* first prong, the petitioner must "show that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. The petitioner may make such a showing by proving that his counsel "fell below an objective standard of reasonableness" "under prevailing professional norms." *Id.* at 687-88. In other words, counsel's performance must be "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). In considering this prong, the law presumes that a defense attorney was competent, and "[j]udicial scrutiny of counsel's performance must be highly deferential [because i]t is all too easy for a defendant to second-guess counsel's assistance after conviction." *Strickland*, 466 U.S. at 689. To satisfy the second prong of *Strickland* test, the petitioner must show that his counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To do this "[t]he defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Gordon fails to meet either prong of *Strickland*. As discussed above, the *ex post facto* argument—the argument he claims his attorney was ineffective for not raising—has been rejected by the Fourth Circuit and is rejected by this Court. *See, e.g., Davenport*, 445 F.3d at 369. Accordingly, Gordon's counsel can hardly be faulted for failing to raise the argument at resentencing or on direct appeal. Nor can prejudice be shown. Even if counsel had raised the *ex post facto* argument, it would have been rejected by the Fourth Circuit, and "the result of the proceeding . . . would [not] have been different." *See Strickland*, 466 U.S. at 694.

### III.

For the forgoing reasons, Gordon's Motion pursuant to § 2255 [Paper No. 325] is **DENIED**.

A separate Order will issue.

April 23, 2010

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE